IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID F. KELLY BEY,

    Petitioner

v. : CIVIL NO. 3:CV-17-2195

JAMES BECHTOLD, WARDEN, : (Judge Conaboy)

    Respondent

## MEMORANDUM
### Background

David F. Kelly Bey (Petitioner), an inmate presently confined at the Franklin County Prison, Chambersburg, Pennsylvania, filed the above captioned habeas corpus action pursuant to 28 U.S.C. § 2254. The required filing fee has been paid.

Named as Respondent is Warden James Bechtold of the Franklin County Prison.[1] Petitioner describes himself as a pretrial detainee who is being held on orders by the "Franklin County Adult Probation Pretrial Release Services." Doc. 1 ¶ 3. Kelly Bey's pending action states that he is challenging the legality of his pretrial detention on the grounds that the Respondent has failed to comply with the Pennsylvania Rules of Criminal Procedure.

Petitioner further asserts that he was unlawfully seized and

---

[1] The only properly named respondent in a federal habeas corpus action is the applicant's custodial official. See 28 U.S.C. § 2242.

1

detained without a warrant or detainer and denied a "revocation of release hearing" in violation of his constitutional rights. Id. at ¶ 13. Kelly Bey seeks his immediate release from custody. See id. at ¶ 15.

## Discussion

### Standard of Review

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). Rule 4 provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134,141 (6th Cir. 1970).

Based upon Kelly Bey's admission that he has not yet been convicted or even tried on the state criminal charge underlying this action, he is clearly a pre-trial detainee. See Doc. 1, ¶ 10.

2

His pending Petition is apparently challenging the validity of an ongoing state criminal prosecution or parole revocation. Although "federal habeas corpus is substantially a post-conviction remedy," this Court still has limited jurisdiction under 28 U.S.C. § 2241(c)(3) to issue a writ of habeas corpus. See Moore v. DeYoung, 515 F.2d 437, 441 (3d Cir. 1975). However, "jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." Id. at 443; see also, Calihan v. Superior Court, 158 Fed. Appx. 807 (9th Cir. 2005)( absent special circumstances,"[p]rinciples of comity and federalism" require abstention from deciding pre-conviction habeas challenges).

In Younger v. Harris, 401 U.S. 37 (1981), the United States Supreme Court similarly observed that "principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dep't., 973 F.2d 169, 173 (3d Cir. 1992). The test for federal court abstention under Younger is whether "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." Id. However, it is only when a habeas petitioner faces the threat of suffering irreparable harm that federal court intervention will be justified. See Dombrowski v. Pfister, 380

3

U.S. 479, 482 (1965); Coruzzi v. State of N.J., 705 F.2d 688, 690 (3d Cir. 1983).

Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992). It has also been noted that the habeas corpus remedy afforded to state inmates under § 2254 was not intended "to argue state law issues pre-trial in a federal forum." Green v. Commonwealth of Pennsylvania, No. CIV. A. 93-1662, 1993 WL 239311, at *3 (E.D. Pa. June 28, 1993).

The Court of Appeals for the Third Circuit in Moore addressed a denial of speedy trial claim. It concluded that extraordinary circumstances did not exist to permit adjudication of the claim because the applicant "will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and any subsequent appellate proceedings in the state courts." Moore, 515 F.2d at 449.

There are no assertions in Kelly Bey's pending petition which show that he cannot litigate the merits of his present allegations in his ongoing state criminal proceeding, or thereafter (if necessary) raise those claims before the Pennsylvania state appellate courts.

Petitioner also offers no indication that he will suffer irreparable harm with respect to his pending state criminal

4

prosecution or that he is facing the type of extraordinary circumstances contemplated under Moore and Younger which would warrant immediate intervention by this Court.

Petitioner's allegations of being improperly seized and detained is a matter of concern. Nonetheless, Kelly Bey's claim does not warrant a finding of extraordinary circumstances under the standards developed in Moore and Younger. Under these circumstances, intervention by this Court is not warranted at this juncture. Abstention is required in this case out of deference to the integrity of the state judicial process. Consequently, the petition for a writ of habeas corpus will be dismissed without prejudice. An appropriate Order will enter.

                                              /s/ _____
                                      RICHARD P. CONABOY
                                      United States District Judge

DATED: DECEMBER 14th, 2017